IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary Edwards, | ) | C/A No.: 1:12-1615-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SCDC Director: Hon. Mr. Byers; | ) | |
| SCDC Board of Directors (unknowned); | ) | REPORT AND RECOMMENDATION |
| Hon: Sen. Mr. Mike Fair, Chairman; | ) | |
| Hon: Sen. Mr. K. Patterson, Cochairman | ) | |
| of the S.C. Judicial Penal Comm Board | ) | |
| (unknowned), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at

Kirkland Correctional Institution ("KCI") alleging violations of 42 U.S.C. § 1983. Pursuant

to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.),

the undersigned is authorized to review such complaints for relief and submit findings and

recommendations to the district judge. For the reasons that follow, the undersigned

recommends that the district judge dismiss the amended complaint without prejudice and

without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff and sixty-eight other prisoners confined at KCI signed a pleading filed with

the court on May 29, 2012 alleging overcrowded prison conditions. [Entry #2]. On June 11,

2012, the court issued an order directing the Clerk of Court to assign separate civil action

numbers to each of the prisoners' lawsuits. [Entry #1]. The undersigned then issued an order

directing Plaintiff to bring this case into proper form for initial review. [Entry #7]. Plaintiff

complied with the order and submitted an amended complaint on July 16, 2012. [Entry #12].

The amended complaint alleges overcrowded conditions at KCI in violation of the Fourteenth

Amendment and *Nelson v. Leeke, et al. Id.* at 3. Plaintiff seeks monetary damages for the

defendants' alleged failure to improvise, plan, and/or implement "procedures for early

releases of SCDC non-violent inmates . . . to alleviate crowding and overcrowding of SCDC

prison" facilities. *Id.* at 4. Plaintiff indicates that he requested early release "before and after

being committed to SCDC KCI R&R Center due to the crowding and overcrowding

conditions." *Id.* at 5. Plaintiff asks the court to "amend and modify *Nelson v. Leeke* for the

reduction of 41% of SCDC non-violent inmates sentences to prevent and control crowding

and overcrowding."[1]  *Id.*

II.     Discussion

A.     Standard of Review

Plaintiff filed his amended complaint pursuant to 28 U.S.C. § 1915, which permits an

indigent litigant to commence an action in federal court without prepaying the administrative

costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the

---

[1] To the extent Plaintiff seeks release from confinement, such relief is not available under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

The amended complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights

3

elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff claims that overcrowded conditions at SCDC violate orders issued in the case of *Nelson v. Leeke, et al.*, and asks this court to amend and modify such orders. [Entry #1 at 3, 5]. The *Nelson* case, which concerned prison conditions at SCDC, resulted in a consent decree in the mid-1980s. *See Plyler v. Leeke*, No. 82-0876-2, 1986 WL 84459 (D.S.C. March 26, 1986).[2] However, the court terminated that consent decree on June 4, 1996, pursuant to the Prison Litigation Reform Act. *See Plyler v. Moore*, 100 F.3d 365 (4th Cir. 1996), *cert. denied*, 520 U.S. 1277 (1997). Thus, Plaintiff's reliance on the *Nelson* case is misplaced. *See Littlejohn v. Blanton*, No. 6:08-242-RBH, 2008 WL 701385, at *2 (D.S.C. March 13, 2008).

---

[2] Gary Wayne Nelson was the original representative for the class in *Nelson v. Leeke*, C/A No. 3:82-876-2. Upon Mr. Nelson's release from SCDC, Harry Plyler became the class representative. However, the case is often referred to as the *Nelson* suit. *See Plyler v. Evatt*, 846 F.2d 208 (4th Cir. 1988).

Further, the amended complaint fails to provide any facts to demonstrate that Plaintiff

has been personally subjected to overcrowding at KCI.  In *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009), the Supreme Court held:

> [T]he pleading standard Rule 8 announces does not require "detailed factual
> allegations," but it demands more than an unadorned, the defendant-
> unlawfully-harmed-me accusation. A pleading that offers "labels and
> conclusions" or "a formulaic recitation of the elements of a cause of action
> will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]"
> devoid of "further factual enhancement."

*Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–557 (2007)).  Although the

court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere

conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994);

*White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to

contain any factual allegations tending to support his bare assertion"); *see also Brown v.

Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).  Additionally, while Plaintiff is not required to

plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must

allege facts that support a claim for relief.  *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir.

2003).  This court is not required to develop tangential claims from scant assertions in the

complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  As stated

above, the amended complaint provides only general allegations concerning overcrowded

conditions at SCDC facilities.  Because Plaintiff provides no specific facts to demonstrate

that he has been subjected to overcrowding at KCI, and no factual support for his conclusory

allegation that the defendants are responsible for SCDC's allegedly overcrowded conditions, this case is subject to summary dismissal.

III.     Conclusion

For the foregoing reasons, it is recommended that the amended complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 3, 2012                                      Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).